IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE MOON, Inmate #B70215, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-060-GPM |
| | ) |
| W. PICKINPAUGH and TERRY L. McCANN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and, thus, subject to summary dismissal.

Plaintiff states that the Unit Correctional Officer said to him, "you're still a niggar" after Plaintiff confronted him about taking his legal mail.

Isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Based on these standards, Plaintiff's allegations do not state a constitutional claim.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  08/17/05

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge